UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

MENES ANKH EL On behalf of all          )
registered Nationals of the Moorish     )
Republic Nation,                        )
OGBONNA SHAKUR EL On behalf of all      )
registered Nationals of the Moorish     )
Republic Nation,                        )
                                        )
                 Plaintiffs,            )
                                        )
            v.                          )      No. 1:23-cv-01098-JPH-MG
                                        )
UNITED STATES                           )
    f/k/a UNITED STATES IN              )
CONGRESS ASSEMBLED,                     )
                                        )
                 Defendant.             )

**ORDER DISMISSING CASE**

Plaintiffs Menes Ankh El and Ogbonna Shakur El ask this Court to

declare that the United States has violated the Constitution and international

treaties by failing to recognize the Moorish Republic Nation.  *See* dkt. 1 at 1–3.

**1.  Motion for leave to proceed *in forma pauperis***

Plaintiffs' motion to proceed *in forma pauperis* is **GRANTED**.  Dkt. [7]; *see*

28 U.S.C. § 1915(a).  While *in forma pauperis* status allows Plaintiffs to proceed

without prepaying the filing fee, they remain liable for the full fees.  *Rosas v.*

*Roman Catholic Archdiocese of Chicago*, 748 F. App'x 64, 65 (7th Cir. 2019)

("Under 28 U.S.C. § 1915(a), a district court may allow a litigant to proceed

'without *prepayment* of fees,' . . . but not without *ever* paying fees.").  No

payment is due at this time.

1

## 2. The complaint

Pursuant to 28 U.S.C. § 1915(e)(2), the Court shall dismiss a case brought by a plaintiff proceeding *in forma pauperis* "at any time if the court determines that . . . the action . . . is frivolous or malicious; . . . fails to state a claim on which relief may be granted; or . . . seeks monetary relief against a defendant who is immune from such relief."

In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). Additionally, the Court has an independent duty to assure itself of jurisdiction. *Evergreen Square of Cudahy v. Wisconsin Hous. & Econ. Dev. Auth.*, 776 F.3d 463, 466 (7th Cir. 2015). To exercise subject-matter jurisdiction over a lawsuit, the parties must either be diverse and seeking over $75,000, or the complaint must raise a federal question on its face. *See* 28 U.S.C. § 1331, 1332. The Court does not have subject matter jurisdiction over a complaint that is wholly insubstantial. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998). And "[a] frivolous federal law claim cannot successfully invoke federal jurisdiction." *In re African-American Slave Descendants Litig.*, 471 F.3d 754, 757 (7th Cir. 2006).

Here, Plaintiffs are two members of "a Nation of people who have organized [themselves] into a cohesive national unit in accord with international standards." Dkt. 1 at 2. They allege that "the Defendant's acts of denationalization and forced assimilation are direct violations of the 13th

2

Amendment's prohibition on slavery." Dkt. 1 at 3. But, they assert that they "do not initiate this action to enforce any civil or constitutional rights." *Id.* at 2. Instead, they seek to "enforce [their] human right to our Moorish Nationality and the Moorish Republic government." *Id.*

While Plaintiffs do mention the Constitution of the United States, statutes, congressional records, and international treaties, the complaint does not identify a federal cause of action. *See* dkt. 1 at 4–9. Even liberally construing the complaint, this Court cannot discern within it any plausible federal claim against any defendant. *See Sanders-Bey v. United States*, Nos. 07-2204, 07-3891, 267 Fed. Appx. 464, 465 (7th Cir. Feb. 25, 2008) (dismissing for lack of jurisdiction a complaint that "appear[ed] to simply reference a panoply of random federal laws"); *cf. United States ex rel. Garst v. Lockheed–Martin Corp.,* 328 F.3d 374, 378 (7th Cir. 2003) ("Rule 8(a) requires parties to make their pleadings straightforward, so that judges and adverse parties need not try to fish a gold coin from a bucket of mud.").

The Court thus **DISMISSES** the complaint without prejudice for lack of subject matter jurisdiction. *See Ezike v. Nat'l R.R. Passenger Corp.*, No. 08-2139, 2009 WL 247838 at *3 (7th Cir. Feb. 3, 2009). Final judgment will issue in a separate entry.

**SO ORDERED.**

Date: 8/3/2023

James Patrick Hanlon
United States District Judge
Southern District of Indiana

3

Distribution:

MENES ANKH EL
P.O. Box 88062
Indianapolis, IN 46208

OGBONNA SHAKUR EL
P.O. Box 88062
Indianapolis, IN 46208